# IN THE OREGON TAX COURT

Clenroe W. DAVIS,
D. C. Services, Inc. and Kipco, Inc.
*v.*
DEPARTMENT OF REVENUE
(TC 2645)

Clenroe W. Davis appeared *pro se.*

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered April 1, 1988.

**CARL N. BYERS, Judge.**

Plaintiffs appealed income tax assessments for 1976 through 1982, resulting from an audit wherein defendant denied numerous corporate deductions and charged Clenroe Davis (Dr. Davis) with constructive dividends.

Dr. Davis has conducted a successful chiropractic practice for many years in Klamath Falls, Oregon. Apparently, in an effort to minimize his taxes and maximize his benefits, he formed two corporations. D. C. Services, Inc.

(DCS) was organized in 1971 to operate Dr. Davis' chiropractic practice. Kipco, Inc. (Kipco), a Nevada corporation, was formed in 1975 to hold title to various properties. The clinic building was conveyed from DCS to Kipco and later virtually all of Dr. Davis' substantial personal assets were conveyed to Kipco. Kipco owns all of the stock of DCS and Dr. Davis owns 78 percent of Kipco. Although given several opportunities by the court to obtain counsel, plaintiffs failed to do so. As a result, the court granted defendant's motion to dismiss DCS and Kipco for failure to comply with ORS 9.320.[1] Dr. Davis represented himself. Although he demonstrated some grasp of the concepts involved, he was sadly lacking in the requisite understanding of what was necessary to prove his case. A brief discussion of only two or three of the numerous issues should be adequate to illustrate his lack of understanding.

■ Defendant disallowed expenses claimed by DCS as payments to a consultant who furnished Dr. Davis with newspaper and radio advertising copy. Dr. Davis testified that such items were furnished and paid for C.O.D. and that they were legitimate business expenses. Defendant disallowed the expenses for lack of substantiation. Dr. Davis claimed to have the documents necessary to prove the legitimacy of the deductions in a file in Klamath Falls. Dr. Davis apparently failed to recognize that failure to produce the documents at the trial would result in his losing on that issue.

■ Defendant also disallowed certain "miscellaneous expenses" claimed by DCS and charged Dr. Davis with constructive dividends. The extent of Dr. Davis' proof on this point was his explanation that the amounts were paid by check and he did not know why they were disallowed. The auditor testified that the corporate checks had been written to "cash." The amount of each check was then allocated on the corporate spread sheets to various accounts for groceries, liquor and other personal items of Dr. Davis. It may be that some of the amounts involved were legitimate employee or other business expenses. However, in the absence of any substantiation, defendant's adjustments must be sustained.

---

[1] ORS 305.510 does permit a stockholder of a corporation which has elected to be taxed as an S corporation, as defined in § 1361 of the Internal Revenue Code, to represent the corporation in any proceedings before this court, but neither of the corporate plaintiffs claimed to be S corporations.

Dr. Davis conveyed his personal residence, which has an assessed value of approximately $109,000, to Kipco. The corporation paid the expenses for the house and claimed them as business deductions. DCS also paid for groceries which Dr. Davis utilized while living in the house. Dr. Davis failed to show that he made any payments to either corporation for his personal use of the groceries and the house. He did testify that he needed to be near the telephone. However, his explanation of why the corporation would require him to live and eat his meals on the premises was wholly unconvincing.

It appears to the court that Dr. Davis had his corporations pay for many of his personal expenses and then he deducted those payments as business expenses. He compounded his tax liabilities by attempting to deduct an additional $3,600 in unreimbursed employee expenses without any substantiating documents. The court has difficulty imagining what other expenses Dr. Davis could have incurred that would qualify as business expenses.

In fairness to Dr. Davis, the court acknowledges that the circumstances may appear to be worse than they actually were. Some of the disallowed expenses may have qualified as legitimate business expenses. However, plaintiff, as a *pro se,* failed to adequately defend any of the points. While it appears that Dr. Davis began his course of sophisticated tax planning on the advice of others, it now appears that he has been abandoned by his advisors. Hopefully, none of those advisors would have countenanced his engaging in some of the transactions which appear designed to evade as well as to avoid income taxes. It is well worth noting that the machinations involved here appear to have resulted in greater total tax liabilities than if Dr. Davis had simply continued to operate as an individual.

Defendant's assessments of additional taxes, penalty and interest for Dr. Davis during the subject years are affirmed. Costs to defendant.